UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTY DAVIS                                                                    PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:13cv573-DPJ-FKB

THE KROGER COMPANY, and JOHN DOES 1–10            DEFENDANTS

ORDER

This slip-and-fall case is before the Court on Defendant The Kroger Company's ("Kroger") Motion for Summary Judgment [22] pursuant to Federal Rule of Civil Procedure 56. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, finds that Kroger's Motion [22] should be denied.

I.      Facts and Procedural History

On April 22, 2010, Plaintiff Christy Davis and her friend, Arthur Whitehead, entered a Kroger store in Clinton, Mississippi, to purchase groceries. Whitehead Dep. [25-2] at 7. While pushing her cart, Davis slipped on a "white-colored-looking water" and "fell on her knee." *Id.* at 8–9. According to Whitehead, the substance on the floor where Davis fell "was sort of feeling like it had soap" and "smelled like some kind of soap agent," similar to the soapy water in the buckets that employees used to clean the store. *Id.* at 14. Davis later sought medical treatment at the hospital for her knee. *Id.* at 20–21.

On April 3, 2013, Davis filed suit in Mississippi state court seeking damages for her injuries, emotional pain and suffering, and medical expenses, and Kroger subsequently removed the case to this Court. Notice of Removal [1] at 1. Following discovery, Kroger filed its Motion

for Summary Judgment [22]. Davis responded [25], and Kroger replied [26]. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a

genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

III.   Analysis

    A.   Kroger Employees' Negligence

Under Mississippi law, to recover in a slip-and-fall case, a plaintiff

> must show the proprietor had actual knowledge of a dangerous condition, *or* the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* the dangerous condition was created through a negligent act of a store's proprietor or his employees.

*Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992). To recover, a plaintiff need prove only one of these bases for premises liability; thus, "[w]hen the dangerous condition was created by the negligence of the business owner or someone under his authority, no proof of the owner's knowledge of the condition is necessary." *Bonner v. Imperial Palace of Miss., LLC*, 117 So. 3d 678, 687 (Miss. Ct. App. 2013).

In the instant case, Davis alleges that Kroger's employees were responsible for negligently leaving a soapy substance on the ground that caused her to fall. Kroger emphasizes repeatedly in its motion and accompanying briefing that Davis has not produced sufficient facts regarding how the substance came to be on the floor, whether Kroger had actual notice of the spill, or the length of time the substance was on the floor. But because Davis is asserting that Kroger's employees were responsible for the spill that caused her fall, she need not prove actual or constructive notice to prevail. *See Bonner*, 117 So. 3d at 687.

As for the employees' alleged negligence, Whitehead's deposition testimony provides sufficient evidence to create a genuine issue of material fact regarding the nexus between the

condition and the conduct of Kroger's employees.  *See* Whitehead Dep. [25-2] at 14.  Though Kroger argues that the evidence is too thin, it must be viewed in a light most favorable to Davis.  Whether Davis will ultimately prevail is a matter for another day.  Finally, Kroger's contrary legal authority is factually and legally inapposite.

      B.      Dismissal Due to Davis's Failure to Attend Deposition

Kroger also requests summary judgment, pursuant to Federal Rules of Civil Procedure 37(d)(3) and 37(b)(2)(A)(ii) and (v), because Davis failed to participate in her deposition.  There is no dispute Kroger noticed the deposition upon agreement of the parties.  After that, Davis informed Kroger that she would not attend and was true to her word.  Regardless, Rule 37(d)(3) is discretionary.  Davis has not violated any prior court orders, and she did give Kroger advanced notice.  Dismissing her claims under these circumstances would be unduly harsh and inequitable.

That said, Rule 37(d)(3) also provides that "[i]nstead of or in addition to" other Rule 37(b) sanctions, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified."  Fed. R. Civ. P. 37(d)(3) (emphasis added).  In this case, it is not clear whether the failure was substantially justified.  Davis backed out of her agreement to attend the deposition, but the reason why is not established.  According to her counsel, health concerns prevented her attendance.  Pl.'s Resp. [25] at 1.  That might provide substantial justification, but there is no record evidence supporting the assertion, and Kroger declined to address it in reply.  Finally, though Kroger prays for general relief "as may be appropriate," it has not established any quantum of damages.

Accordingly, Kroger's motion is denied as to its request for dismissal under Rules 37(d)(3) and 37(b)(2)(A)(ii) and (v), and denied without prejudice as to reasonable fees. Because substantial justification is unclear, it is not apparent whether a subsequent motion is required. In any event, whatever impediment may have previously existed, it has been removed, so the parties are instructed to schedule a mutually convenient time for Davis's deposition.

IV.     Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Court denies Kroger's Motion for Summary Judgment [22] and instructs the parties to set Davis's deposition.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2014.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE